■ In the Matter of the Claim of EUGENE R. CULLEN, Appellant. LILLIAN ROBERTS, as Commissioner of Labor, Respondent. — Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 18, 1981, which ruled that claimant's benefit rate must be reduced to zero, pursuant to section 600 of the Labor Law. Claimant was employed by the Empire Mutual Insurance Company for several years until he retired in 1976. He thereafter began part-time employment with Reliable Claims Service, Inc., and was laid off from that job in June, 1981. When he subsequently filed for unemployment insurance benefits, he was informed that these benefits were reduced to zero pursuant to subdivision 7 of section 600 of the Labor Law as a result of Social Security benefits received by claimant due to his earlier employment by the Empire Mutual Insurance Company. Following a hearing, an administrative law judge held that claimant's weekly benefit rate was properly reduced. That decision was affirmed by the Unemployment Insurance Appeal Board and this appeal ensued. Subdivision 7 of section 600 of the Labor Law tracks the language of a Federal statute (US Code, tit 26, § 3304, subd [a], par 15) and was clearly passed in order that New York State could continue to receive reimbursement from the Federal system for funds it pays out in unemployment insurance benefits (see Governor's Program Memorandum, NY Legis Ann, 1980, p 403). We must then look to the proper construction of the Federal statute (see *Rivera v Patino,* 543 F Supp 1160, 1163) which requires the reduction of unemployment benefits by the amount of a pension received by an individual based on his previous work if such pension is under a plan maintained or contributed to by the base period and, if the payments are not made under the Social Security Act or the Railroad Retirement Act of 1974, the services performed for the base period employer after the beginning of the base period effect eligibility for, or increase the amount of, such pension (US Code, tit 26, § 3304, subd [a], par 15, subpar A, cls [i], [ii]). Claimant argues that his employment by Reliable Claims Service, Inc.,, did not affect his eligibility for or increase the amount of his Social Security benefits and, consequently, there should be no offset. Respondent counters that the plain language of the statute indicates that the effect of base period employment on Social Security benefits is irrelevant. Although the statutory language appears unambiguous, the courts are never foreclosed from inquiry into the meaning of statutes at the threshold, and an examination of the legislative history of an enactment may require the departure from a strict literal interpretation (see *New York State Bankers Assn. v Albright,* 38 NY2d 430, 436-437). A comprehensive review of the legislative history of the Federal statute in question was undertaken by a United States District Court in *Rivera v Patino* (543 F Supp 1160, *supra*) which decided that it was clear that Congress intended that Social Security benefits attributable to a nonbase period employer are not to be offset against unemployment compensation arising from employment with a different base period

employer. Upon our review of the legislative history, we agree with the analysis of the court in *Rivera v Patino* (*supra*) in this regard and also conclude that no offset of benefits should occur when a worker who, following the vesting of Social Security benefits as a result of employment with one employer, goes to work for a different employer and then becomes eligible for unemployment insurance benefits. We are of the opinion that the Federal statute should not be construed so literally as to reach a result contrary to the intent of Congress in passing the legislation. While the board reached a contrary conclusion, the issue presented herein involves the interpretation of statutory language and, thus, the question is more appropriate for judicial resolution (*Matter of Lintz* [*Roberts*], 89 AD2d 1038). Accordingly, the decision of the board ruling that claimant's benefit rate must be reduced as a result of his receipt of Social Security benefits due to his earlier employment must be reversed. Decision reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent herewith. Sweeney, J. P., Mikoll, Yesawich, Jr., Weiss and Levine, JJ., concur.