■ In the Matter of the Claim of GRACE S. PEAT, Appellant. LILLIAN ROBERTS, as Commissioner of Labor, Respondent. — Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 26, 1982, which affirmed the decision of the administrative law judge reducing claimant's benefit rate pursuant to subdivision 7 of section 600 of the Labor Law from $89 per week to $32 effective April 19 — May 31, 1982 and further reducing her benefit rate to $28 per week effective June 1, 1982. Claimant was employed for various employers until she became eligible for, and received Social Security

benefits on August 3, 1975. She thereafter began employment with Hammacher Schlemmer, a retail store, in June, 1976, and continued working until she lost her employment under nondisqualifying conditions and filed a claim for benefits effective April 19, 1982. From the inception of her claim until May 31, 1982, she received Social Security benefits at a rate of $480 per month, which were increased to $515.20 per month effective June 1, 1982. As a result of receiving these benefits, which were due to claimant's employment prior to Hammacher Schlemmer, the board, pursuant to subdivision 7 of section 600 of the Labor Law, reduced her unemployment benefit rate by an amount commensurate to 50% of the pro-rated weekly amount of her Social Security benefits. This appeal ensued. There must be a reversal. In *Matter of Cullen* (*Roberts*) (93 AD2d 907), this court recently had occasion to review the offset of Social Security benefits pursuant to subdivision 7 of section 600 of the Labor Law and concluded that "no offset of benefits should occur when a worker who, following the vesting of Social Security benefits as a result of employment with one employer, goes to work for a different employer and then becomes eligible for unemployment insurance benefits" (*id.,* p 908). We also adopted the analysis set forth by the United States District Court in *Rivera v Patino* (543 F Supp 1160, 1172-1175) that Social Security benefits attributable to a nonbase period employer are not to be offset against unemployment benefits arising from employment with a different base period employer. Since it is clear that claimant's right to Social Security benefits vested as a result of her former employment, the decision of the board ruling that claimant's benefit rate must be reduced as a result of her receipt of Social Security benefits due to her earlier employment must be reversed. Decision reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent herewith. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.