Robert R. **MAYBERRY**, Plaintiff, Appellant,

v.

Benjamin C. **ADAMS**, etc., Defendant, Appellee.

No. 84–1399.

United States Court of Appeals, First Circuit.

Argued Sept. 13, 1984.

Decided Oct. 9, 1984.

Lawrence M. Edelman, Hampton, N.H., with whom Sanders & McDermott, Hampton, N.H., was on brief, for plaintiff, appellant.

Daniel J. Mullen, Asst. Atty. Gen., Concord, N.H., with whom Gregory H. Smith, Atty. Gen., Concord, N.H., was on brief, for defendant, appellee.

Before BOWNES, Circuit Judge, and ALDRICH and SKELTON,* Senior Circuit Judges.

PER CURIAM.

Put simply, the question in this Civil Rights action is whether, following the enactment of Pub.L. 96–364, 94 Stat. 1310 (1980), amending 26 U.S.C. § 3304(a)(15), the State of New Hampshire, in 1981 and 1982, was prohibited, in determining an individual's unemployment weekly payments, from deducting—or crediting—the amount reasonably attributable to that week that the individual was receiving from a government pension payable to him on account of his having served 20 years or more in the Armed Services. RSA 282–A:28, as it then

* Of the Federal Circuit, sitting by designation.

read. The district court ruled in favor of the State. We affirm, on the basis of the recent Fourth Circuit opinion in *Watkins v. Cantrell*, 736 F.2d 933 (4th Cir.1984), in which the court answered fully exactly the same arguments that appellant makes today.

We add that we are offended by appellant's concept that because of an at least reasonable statutory interpretation by the State he should receive, if it proved mistaken, in addition to back payments and counsel fees, $100,000 damages for emotional distress and a like sum for punitive damages. A state is obliged to make statutory interpretations for the benefit of its citizens, and it should not have to do so in terrorem. *Cf. City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 259–63, 267–69, 101 S.Ct. 2748, 2755–58, 2759–61, 69 L.Ed.2d 616 (1981) (policies of deterrence and punishment of *willful* wrongdoing may in appropriate circumstances warrant awards of punitive damages against officials personally, but do not support such awards against municipalities; innocent taxpayers should not bear this burden).

Affirmed; costs to appellee.