**Leo D. BLEAU, Plaintiff,**

v.

**Mary HACKETT, et al., Defendants,**

**and**

**United States Department of Labor, Defendant-Intervenor.**

**Civ. A. No. 83–0327 P.**

United States District Court, D. Rhode Island.

Nov. 29, 1984.

Joseph R. DeCiantis, Joseph F. Dugan, Charles H. McLaughlin, Providence, R.I., for defendants.

Leslie Dellon, U.S. Dept. of Justice, Washington, D.C., Everett C. Sammartino,

---

Asst. U.S. Atty., Providence, R.I., for defendant-intervenor.

## MEMORANDUM DECISION AND ORDER

PETTINE, Senior District Judge.

This suit is before this Court on cross-motions for summary judgment of plaintiff, Leo D. Bleau, defendants Mary Hackett, Director, Rhode Island Department of Employment Security ("DES"); Henry F. Murray, Chairman, Board of Review, DES; E. Rex Coman and Francis P. McEntee, Members, Board of Review, DES; and Defendant-Intervenor United States Department of Labor. The issue presented is whether § 3304(a)(15)(A)(i) of the Federal Unemployment Tax Act, 26 U.S.C. § 3304(a)(15)(A)(i) ("§ (A)(i)"), permits DES to reduce the unemployment compensation of Social Security recipients whose base period employer contributed to Social Security and who became eligible for Social Security benefits as the result of work performed for a non-base period employer. For the reasons below, summary judgment is granted in favor of defendants and denied to plaintiff Bleau.

### Facts and Background

Plaintiff Bleau is seventy three years old. He began receiving Social Security retirement payments in 1972, after his retirement from the company where he worked as a truck driver for twenty-three years. Plaintiff and his employer had each contributed 50% of Federal Insurance Contribution (FICA) taxes on plaintiff's behalf. Agreed Statement of Facts ¶¶ 1, 6–8. On or about November, 1980, plaintiff began working as a janitor. Id. at ¶ 10. The second employer and plaintiff each contributed 50% of FICA taxes on plaintiff's behalf. Plaintiff had not worked for this employer prior to his retirement. After being laid off in May, 1982, plaintiff applied

for unemployment benefits through DES. Id. at ¶¶ 10–13.

DES concluded that plaintiff was eligible for unemployment benefits, but reduced those payments by his Social Security pension payments, prorated weekly. Id. at ¶ 16. After exhausting his administrative remedies, plaintiff filed suit, contending that the state defendants' "policy implementing" 26 U.S.C. § 3304(a)(15) violates the equal protection and due process clauses of the fourteenth amendment to the Constitution; 42 U.S.C. § 1983; and the "when due" provision of the Social Security Act, 42 U.S.C. § 503(a)(1). Complaint ¶ 29. Plaintiff asks this Court to invalidate the state defendants' interpretation of the pension offset provision and to pay retroactive unemployment benefits.

On August 5, 1983, this Court certified this suit as a class action consisting of all individuals eligible to receive unemployment benefits since January 1, 1981 through DES, who "have had or will have" those benefits reduced due to the receipt of Social Security retirement payments or Railroad Retirement Act payments "where the receipt of [the retirement payments] is based upon wages paid by an employer ... other than the claimant's base period employer." See Order for Class Certification (Aug. 5, 1983).

### Statutory Background

Plaintiff challenges the state defendants' interpretation of § 28–44–19.1 of the Rhode Island General Laws. DES reduces the unemployment compensation payable to a laid-off worker by the amount of pension income the individual receives "when a base period employer has contributed to or maintained the pension program." DES Memorandum Re: Pension Reduction at 1 (Oct. 22, 1980), Agreed Statement of Facts, Ex. 3.[1] DES implemented this procedure in

1. The "base period" is the period of employment during which eligibility for unemployment compensation is accrued. In Rhode Island, the base period for a claimant who files a valid claim is defined as the "fifty-two (52) consecutive calendar weeks, the first of which shall be the week containing the day as of which (s)he first files such valid claim ...." R.I.G.L. 1956 (1979 Reenactment) § 28–42–3(10). The chargeable or base period employer is the employer for whom

response to a 1980 amendment to the Federal Unemployment Tax Act, 26 U.S.C. § 3301 *et seq.*

The Federal Unemployment Tax Act ("FUTA") requires, as a condition for granting federal unemployment tax credits to employers in each state, that the state unemployment compensation law conform to certain minimum federal requirements. *See* 26 U.S.C. § 3304(a). If a state law meets these requirements, the Secretary of Labor must "approve" that law and "certify" that state to the Secretary of the Treasury. *See* 26 U.S.C. § 3304(a), (c).

To receive approval, the state law must contain, *inter alia*, the provision required by 26 U.S.C. § 3304(a)(15). As originally enacted in 1976, but with a deferred effective date, this provision required the states to reduce the amount of a claimant's unemployment compensation by the amount the individual received from

> a governmental or other pension, retirement or retired pay, or any other similar periodic payment which is based on [his] previous work....

P.L. 94–566, Title III, § 314(a); 90 Stat. 2680.

In 1980, Congress modified 26 U.S.C. § 3304(a)(15). P.L. 96–364, Title IV, § 414, 94 Stat. 1310. As amended, the statute requires the states to reduce the amount of a claimant's unemployment compensation only in certain situations where the

pension, retirement or retired pay, annuity, or similar payment is under a plan maintained (or contributed to) by a base period employer or chargeable employer (as determined by applicable law)....

26 U.S.C. § 3304(a)(15)(A)(i).[2]

The Secretary of Labor, as the administrator of § 3304 of FUTA, has interpreted § 3304(a)(15)(A)(i) as requiring that pension income, including Social Security pension income, must be offset if the unemployment claimant's base period employer contributes to the pension plan under which the pension is received, subject to the limitation of 26 U.S.C. § 3304(a)(15)(B). DOL's Employment and Training Administration issued "Unemployment Insurance Program Letter No. 7–81" ("UIPL 7–81"), which described the Secretary's position as follows:

> if an individual retires from company C to collect Social Security and then goes to work for company D where the individual is also covered under the Social Security Act, and thereafter the individual is terminated, the Social Security pension would then be deductible since company D (base period employer) contributed to the same plan as company C.

UIPL 7–81, 47 Fed.Reg. 29904, 29906 (July 9, 1982).[3]

### Social Security Offset

By its terms, § (A)(i) requires the offset of a pension payment whenever a base

---

the claimant worked during this time period. Employers are charged in reverse chronological order and the charges are based upon the number of weeks the claimant was employed during the base year. R.I.G.L. 1956 (1979 Reenactment) § 28–43–3(b)(2).

**2.** As enacted, the Rhode Island unemployment law offset provision conformed to the original requirement of § 3304(a)(15).

> 28–44–19.1. Disqualifying income.—An individual shall be disqualified from receiving benefits for any week of his unemployment within any period with respect to which such individual is currently receiving or has received retirement income in accordance with the following provisions:
>
> (1) The amount of compensation payable to an individual for any week which begins after March 31, 1980, and which begins in a period with respect to which such individual is re-

ceiving a governmental or other pension, retirement or retired pay, annuity, or any other similar periodic payment which is based on the previous work of such individual shall be reduced (but not below zero) by an amount equal to the amount of such pension, retirement or retired pay, annuity, or other payment, which is reasonably attributed to such week, if such deduction is required as a condition for full tax credit against the tax imposed by the Federal Unemployment Tax Act.

R.I.G.L. § 28–44–19.1(1). DES continues to offset one hundred percent of the pension payment. For the reasons explained *infra*, this offset is consistent with the 1980 amendment of § (A)(i).

**3.** The Secretary's interpretation is also set forth in *Cabais v. Egger*, 690 F.2d 234, 241–43 (D.C. Cir.1983).

period employer contributes to the same pension plan under which the pension is received. Section (A)(ii) removes from this pension offset requirement all pensions, except for Social Security and Railroad Retirement, that were not enhanced by the base period employment. Section (B) then allows the states to reduce any offset by the amount of the individual's pension contribution. Rhode Island, however, has not adopted any such limitation.

■ Plaintiff contends, however, that Congress intended to permit an offset only when the unemployment claimant's base period employer was also the employer under which he established his eligibility for the pension payments which he receives. Plaintiff attempts to support his construction of the statute with portions of the legislative history which he argues are contrary to the apparent meaning of the statute.[4] The briefs submitted by the parties reveal, however, that the legislative history is, at best, ambiguous. In contrast, the statutory language is clear. When a statute is unambiguous, legislative history generally should not be used to determine its meaning. *See Tennessee Valley Authority v. Hill,* 437 U.S. 153, 184 n. 29, 98 S.Ct. 2279, 2296 n. 29, 57 L.Ed.2d 117 (1978); *Fortin v. Marshall,* 608 F.2d 525, 527–28 (1st Cir.1979); *United States v. One Clipper Bow Ketsch Nisku,* 548 F.2d 8, 11–12

(1st Cir.1977). An exception exists when a statute's plain meaning "would lead to an unreasonable result 'plainly at variance with the policy of the legislation as a whole.'" *Massachusetts Financial Services, Inc. v. Securities Investor Protection Corp.,* 545 F.2d 754, 756 (1st Cir.1976), *cert. denied,* 431 U.S. 904, 97 S.Ct. 1696, 52 L.Ed.2d 388 (1977), *quoting United States v. American Trucking Associations, Inc.,* 310 U.S. 534, 543, 60 S.Ct. 1059, 1063, 84 L.Ed. 1345 (1940), *quoting Ozawa v. United States,* 260 U.S. 178, 194, 43 S.Ct. 65, 67, 67 L.Ed. 199 (1922). *See Bob Jones University v. United States,* 461 U.S. 574, 103 S.Ct. 2017, 2025, 76 L.Ed.2d 157 (1983). This is not the case here.

Section 3304(a)(15) clearly provides that Social Security pensions must be offset against unemployment benefits whenever a claimant's base period employer contributes to the Social Security plan.[5] The Secretary of Labor's construction has been upheld by the United States Courts of Appeals which have considered the issue, and by other district courts. *Bowman v. Stumbo,* 735 F.2d 192 (6th Cir.1984); *Rivera v. Becerra,* 714 F.2d 887 (9th Cir.1983), *cert. denied sub nom. International Union, UAW v. Donovan,* —— U.S. ——, 104 S.Ct. 1591, 80 L.Ed.2d 124 (1984); *Peare v. McFarland,* 577 F.Supp. 791 (N.D.Ind. 1984), *appeal pending,* Civ. No. 84–1360 (7th Cir.); *Duso v. Adams,* 600 F.Supp. 3

---

**4.** Plaintiff's brief in support of his motion for summary judgment focused on statements by Senators Bradley, Dole, Moynihan and Boren.

As to case law, plaintiff relied on *Bowman v. Stumbo,* Civ. No. 82–0244–L(A) (W.D.Ky. June 29, 1983); *Rivera v. Patino,* 543 F.Supp. 1160 (N.D.Cal.1982); and *Cullen v. Roberts,* 93 A.D.2d 907, 461 N.Y.S.2d 592 (1983). As discussed above, both the *Bowman* and *Rivera* decisions have been reversed. *Bowman v. Stumbo,* 735 F.2d 192 (6th Cir.1984); *Rivera v. Becerra,* 714 F.2d 887 (9th Cir.1983), *cert. denied sub nom. International Union, UAW v. Donovan,* —— U.S. ——, 104 S.Ct. 1591, 80 L.Ed.2d 124 (1984). The authority of *Cullen* is questionable since it relied exclusively on the district court decision in *Rivera.*

**5.** The term "plan" in § (A)(i) was added by § 414 of the Multiemployer Act, 94 Stat. 1310, and thus undoubtedly has a meaning consistent

with other federal definitions of pension plans. Although the Social Security retirement system is not subject to ERISA, it resembles the normal multiemployer private pension defined benefit plans generally subject to ERISA, rather than the more rare individual account plans where the accrued benefit is always the balance of the individual's account. *See Connolly v. Pension Benefit Guar. Corp.,* 581 F.2d 729, 733 (9th Cir. 1978), *cert. denied,* 440 U.S. 935, 99 S.Ct. 1278, 59 L.Ed.2d 492 (1979). *See Bowman v. Stumbo,* 735 F.2d 192, 197 (6th Cir.1984) ("the Court is satisfied that the Social Security ... system[ ] must be deemed to be a 'plan' to which a base period employer 'contributes' through payment of the FICA ... taxes"); *Peare v. McFarland,* 577 F.Supp. 791, 794 n. 4 (N.D.Ind.1984), *appeal pending* (plaintiff's contention that payment of taxes into the Social Security System does not constitute contributions to a pension plan "is without merit").

(D.N.H.1983). The Ninth Circuit's rejection of the very construction advocated by plaintiff Bleau is equally applicable here:

> Section 3304(a)(15)(A)(i) says that if a base period employer contributes to social security, then the unemployment benefits must be offset by the social security benefits. *The statutory language does not permit another interpretation.* The offset applies under section 3304(a)(15)(A)(i) if the base period employer *"contributed"* to the "plan" from which the pension benefits are derived. Unlike section 3304(a)(15)(A)(ii), which does not apply to social security benefits, section 3304(a)(15)(A)(i) does not say the offset will not apply if the base period contributions did not affect eligibility for or the amount of the pension benefits.

*Rivera,* 714 F.2d at 892 (first emphasis added, second emphasis in original). The Sixth Circuit also was "convinced that the plain language of the offset provision renders all such Social Security benefits applicable to reduce the unemployment benefits where, as here, both the former and the base period employers contributed to the Social Security system." *Bowman,* 735 F.2d at 196.

The district courts similarly upheld the Secretary's construction on the basis of the statutory language alone. As the *Peare* court stated,

> Section (A)(i) plainly states that social security benefits offset unemployment benefits if the base period employer makes social security contributions. The language of the statute *is so lucid* on this particular issue it would be inappropriate to resort to legislative history.

*Peare,* 577 F.Supp. at 794 (emphasis added). *See Duso,* slip op. at 7, *quoting Rivera,* 714 F.2d at 893 (§ (A)(i) "says and means that Social Security benefits offset unemployment benefits if the base period employer makes Social Security contributions").

Resort to the legislative history is clearly inappropriate as the statute is unambiguous and its plain meaning is consistent with the policy of the legislation. Congress amended § 3304(a)(15) in 1980 to permit the states to reduce the dollar-for-dollar offset of all pension income which would have been required under the 1976 law. *Rivera,* 714 F.2d at 892; *Peare,* 577 F.Supp. at 795.[6] Congress also intended to conserve unemployment compensation funds by relieving employers from concurrent liability when they have contributed funds to a pension plan which is already benefiting eligible workers. *See Rivera,* 714 F.2d at 895.[7]

Plaintiff's contention that statements by individual legislators take precedence over the plain meaning of the statute is without merit. A Conference Committee adopted the current language of § 3304(a)(15) as a compromise. *See* H.R. (Conf.) Rep. No. 96–1343, 96th Cong., 2d Sess. (Sept. 18, 1980), U.S.Code Cong. & Admin.News 1980, 2918.[8] Plaintiff relies primarily upon an

---

**6.** As explained *infra,* Rhode Island's decision to offset one hundred percent of the Social Security pension is consistent with the federal statute, as § 3304(a)(15) establishes a minimum offset requirement.

**7.** Plaintiff's claim that the Secretary of Labor's construction of § (A)(i) violates the equal protection clause is without merit. The courts have soundly rejected this contention, concluding that the statute, when construed on its face, is rationally based. *See, e.g., McKay v. Horn,* 529 F.Supp. 847, 863 (D.N.J.1981); *Cabais v. Egger,* 527 F.Supp. 498, 502–03 (D.D.C.1981), *rev'd in part, aff'd in part on other grounds,* 690 F.2d 234 (D.C.Cir.1982). *See also Rivera v. Patino,* 524 F.Supp. 136, 144–47 (N.D.Cal.1981), *rev'd on other grounds sub nom. Rivera v. Becerra,* 714 F.2d 887 (9th Cir.1983) (Congress had a rational

basis for its treatment of Social Security and other pensions in § 3304(a)(15)).

**8.** The House had sought to eliminate required offset of Social Security and Railroad Retirement pensions, and to limit required offset of other pensions to those that were enhanced by base period employment. *See* H.R. 3904, § 414 (House amendment), 126 Cong.Rec. 23008, 23038 (1980). The Senate rejected this proposal and substituted its own amendment. 126 Cong. Rec. 23280, 23282 (1980). The Conference Report notes that the Conference "generally" follows the Senate amendment.

The Conference Committee eliminated the proposed House exemption for Social Security, retained the language of both houses in sections (A)(i) and (B), and adopted the House language

example by Senator Bradley, made on the day the Conference Report was adopted:

[A]n individual at company A retires and begins to collect Social Security. For whatever reason, this person then goes to work for company B and, after six months there, is terminated. Assuming the individual is eligible for unemployment insurance because of the work done at company B, the level of unemployment insurance compensation will not be reduced at all. This is because the base period employer is not the same as the social security employer. The offset would apply, however, if the individual had returned to work for company A instead of working for company B. Under those circumstances, the base period employer and the social security employer would be the same.

126 Cong.Rec. 26041 (1980). Plaintiff argued that this example was a clear statement of congressional intent. The Department of Labor responded that Senator Bradley was either mistaken or was referring to a situation in which the base period employer did not contribute to Social Security.[9] The Department of Labor also stated that a remark by one legislator would not control over the plain meaning of the statute. *Piper v. Chris-Craft Industries, Inc.*, 430 U.S. 1, 26, 97 S.Ct. 926, 941, 51 L.Ed.2d 124 (1977). The Ninth Circuit concluded, and the Sixth Circuit concurred, that statements by Senator Bradley "cannot replace the interpretation compelled by the statutory language." *Rivera*, 714 F.2d at 893. *See Bowman*, 735 F.2d at 198.

As to the other statements cited by plaintiff Bleau and previous plaintiffs, these courts concluded that those statements were also ambiguous and could be reconciled with the plain meaning of the statute

as either referring to pensions other than Social Security and Railroad Retirement or to § (B). *Bowman*, 735 F.2d at 198; *Rivera*, 714 F.2d at 893. This Court concurs in their judgment that these statements cannot supersede an unambiguous statute. "The proper function of legislative history is to solve, and not create, an ambiguity." *United States v. Rone*, 598 F.2d 564, 569 (9th Cir.1979), *cert. denied*, 445 U.S. 946, 100 S.Ct. 1345, 63 L.Ed.2d 780 (1980). The plain language of § (A)(i) conclusively establishes congressional intent. Section (A)(i) unequivocally means that Social Security payments must be offset against unemployment compensation when an unemployment claimant's base period employer contributed to Social Security.

### Rhode Island's Dollar-For-Dollar Offset Is Consistent With Federal Law

■ Despite the 1980 amendment to § 3304(a)(15), Rhode Island continues to offset Social Security pension payments dollar-for-dollar against unemployment compensation. The United States Courts of Appeals for this Circuit and for the Fourth Circuit have both held that § 3304(a)(15) establishes minimum requirements for pension offsets which the states remain free to exceed. *Mayberry v. Adams*, 745 F.2d 729 (1st Cir.1984) *aff'g per curiam*, Civ. No. 84–147–D (D.N.H. May 8, 1984); *Watkins v. Cantrell*, 736 F.2d 933, 939, 944 (4th Cir.1984).[10] Furthermore, the District Court for the District of New Hampshire specifically upheld a dollar-for-dollar offset of Social Security pension payments against unemployment compensation in *Duso v. Adams*, Civ. No. 83–221–D (D.N.H. Dec. 28, 1983). This Court now holds that Rhode Island's dollar-for-dollar offset of Social Security pension payments

in section (A)(ii) for pensions other than Social Security and Railroad Retirement.

**9.** The Department of Labor also pointed out that Senator Bradley was not a member of the Conference Committee and made no contribution to the present wording of the statute.

**10.** *Mayberry* involved the dollar-for-dollar offset of a military pension when plaintiff filed for

unemployment benefits after being laid-off from a post-retirement job in the private sector. *Watkins* involved the dollar-for-dollar offset of a civil service disability retirement pension when plaintiff filed for unemployment benefits after losing a post-retirement job in the private sector. In both cases, plaintiffs argued that the offsets were not authorized by § 3304(a)(15).

against unemployment compensation is authorized by, and consistent with, 26 U.S.C. § 3304(a)(15).

Congress has generally given the states substantial discretion in the structure and operation of their unemployment insurance programs, particularly with regard to establishing benefit structures and eligibility requirements. *New York Telephone Co. v. New York State Department of Labor,* 440 U.S. 519, 537–40, 99 S.Ct. 1328, 1339–41, 59 L.Ed.2d 553 (1979). States that participate in FUTA, however, must meet certain "fundamental standards" in order to have their unemployment compensation law approved and certified by the Secretary of Labor, including the pension offset requirement of § 3304(a)(15). *See Cabais v. Egger,* 690 F.2d 234, 240 (D.C.Cir.1982); *McKay v. Horn,* 529 F.Supp. 847, 850 n. 4 (D.N.J.1981). While this statute requires that states offset pension benefits under certain circumstances, Congress did not limit pension offsets to those circumstances alone.

Furthermore, the Secretary of Labor has consistently interpreted § 3304(a)(15) as setting only minimum offset requirements. UIPL No. 7–81, 47 Fed.Reg. 29904, 29906 (July 9, 1982) and Change 2, 48 Fed.Reg. 37740 (Aug. 19, 1983). While recommending that states "take advantage of the less stringent condition under which pensions must be deducted" under the 1980 amendment, the Secretary of Labor recognized that the amendment "reflects only the minimum conditions under which deduction must be required by State law for certification under FUTA." UIPL No. 7–81, 47 Fed.Reg. at 29906. Indeed, the Secretary specifically advised the states that laws, such as Rhode Island's, which already provided for offset in accordance with the prior (1976) statute, did not have to be

changed to satisfy the new requirements. *Id.*[11] The Secretary's interpretation is entitled to deference. *See Miller v. Youakim,* 440 U.S. 125, 145 n. 25, 99 S.Ct. 957, 969 n. 25, 59 L.Ed.2d 194 (1979); *Watkins,* 736 F.2d at 945–946.

As the Fourth Circuit concluded

> Section 3304(a)(15) nowhere explicitly prohibits states from offsetting from unemployment insurance compensation pension or retirements payments in excess of the mandated offset. The absence of such an explicit prohibition in the language of the statute clearly indicates that no such prohibition was intended by Congress.

*Watkins,* 736 F.2d at 939.

### Conclusion

Section (A)(i) requires an offset of Social Security pension payments whenever an unemployment claimant's base period employer has contributed to the Social Security retirement plan. Rhode Island is authorized, under 26 U.S.C. § 3304(a)(15), to take a dollar-for-dollar offset of Social Security pension payments against unemployment compensation. Accordingly, there being no genuine issue of material fact now before this Court, it is the Order of this Court that the motions for summary judgment of the state defendants and defendant-intervenor United States Department of Labor be, and hereby are, granted; and that the motion for summary judgment of plaintiff Leo D. Bleau is denied. Since the motion for summary judgment effectively moots any claim by plaintiff against the state defendants, this case is dismissed. It is further ordered that the effective date of this decision shall be stayed for ten days to permit counsel for plaintiff Bleau to notify the named plaintiff, and any other members of

---

**11.** While the Secretary modified, but subsequently reaffirmed UIPL No. 7–81, with regard to the authority of states to limit the pension offset requirement with regard to employee contributions under § (B), the Secretary has uniformly maintained that § 3304(a)(15) sets minimum offset requirements, which states may exceed. *Id.;* UIPL No. 7–81, Change 1, 47 Fed. Reg. 29908 (June 9, 1981); Change 2, 48 Fed. Reg. 37740 (Aug. 19, 1983). A state can limit the offset of an employee-contributed pension, such as Social Security, only if it follows the terms of § (B). The reduction permitted by § (B) does not alter the offset requirement of § (A)(i). Rather than limit the offset, Rhode Island has chosen to exceed these minimum offset requirements.

the class of whom he has personal knowledge, by letter, of this decision.