**Paula K. ORR, Guardian of the Estate of Nicolette Leeann Orr, Appellant (Plaintiff Below),**

v.

**TURCO MANUFACTURING COMPANY, INC., Appellee (Defendant Below).**

**No. 4–1084A292.**

Court of Appeals of Indiana, Fourth District.

Nov. 5, 1985.

Rehearing Denied Dec. 30, 1985.

---

Michael S. Miller, Mendelson, Kennedy, Miller, Muller & Hall, Indianapolis, for appellant.

Peter G. Tamulonis, Kightlinger Young Gray & DeTrude, Indianapolis, for appellee.

CONOVER, Judge.

Appellant-Plaintiff Paula K. Orr (Orr), guardian of Nicolette Leeann Orr, appeals the dismissal of her product liability suit against Appellee-Defendant Turco Manufacturing Company, Inc. (Turco).

We affirm.

ISSUES

Orr presents three issues, which we have restated, for our review:

1. whether the statute of limitations, IND. CODE 33–1–1.5–5, bars Orr's claim,

2. whether the trial court properly refused to consider the Minutes of the Select Joint Committee on Product Liability to interpret I.C. 33–1–1.5–5,

3. whether I.C. 33–1–1.5–5 violates Article 1, § 12 of the Indiana Constitution.

FACTS

Nicolette was injured on February 19, 1979, while playing on a swingset manufactured by Turco. She was 10 years old at the time. On June 23, 1983, Orr became guardian of Nicolette's estate. On June 30, 1983, Orr filed this action against Turco. Turco filed a motion to dismiss alleging the statute of limitations prohibited the action because it was filed more than 2 years after the injury had occurred.

The court held a hearing on Turco's motion on March 16, 1984. At the hearing Orr requested the court to take judicial

notice of an uncertified photocopy of the Minutes of the Select Joint Committee on Product Liability. On March 20, Orr submitted a certified copy of the minutes. The court denied consideration of the minutes and granted Turco's motion to dismiss.

## DISCUSSION AND DECISION

### I. *Statute of Limitations*

Orr first claims the product liability statute of limitations, I.C. 33–1–1.5–5 does not apply to persons with a legal disability or minority status established by I.C. 34–1–2–5. This claim is without merit.

■ Contrary to Orr's assertions, I.C. 33–1–1.5–5 is clear and unambiguous as to the elimination of minority and legal disability in product liability actions. Thus, it is not subject to judicial interpretation. *Indiana Department of Public Welfare v. Guardianship of McIntyre* (1984), Ind. App., 471 N.E.2d 6, 9; *Jeffboat, Inc. v. Review Board of the Indiana Employment Security Division* (1984), Ind.App., 464 N.E.2d 377, 379; *Indiana Department of State Revenue, Inheritance Tax Division v. Estate of Smith* (1984), Ind.App., 460 N.E.2d 1263, 1265. It provides

> Sec. 5. Statute of Limitations. This section applies to all persons regardless of minority or legal disability. Notwithstanding IC 34–1–2–5, any product liability action must be commenced within two (2) years after the cause of action accrues or within ten (10) years after the delivery of the product to the initial user or consumer; except that, if the cause of action accrues more than eight (8) years but not more than ten (10) years after that initial delivery, the action may be commenced at any time within two (2) years after the cause of action accrues.

It is clear there is no exemption from the product liability statute of limitations in Indiana for either minority or legal disability. Such is the mandate of our state Legislature. We are bound by their enactment.

In her reply brief Orr states our supreme court in *Barnes v. A.H. Robins Co., Inc.* (1985), Ind., 476 N.E.2d 84 concluded it had "the authority and responsibility to interpret the intentions of the Legislature by deciding when a cause of action accrues." *Id.* at 85. Thus, she contends, we likewise have such a duty here. Orr fails to recognize however, in *Barnes* our supreme court was interpreting a portion of the statute which was ambiguous and indefinite. The statute's application here is plain and unambiguous. There can be no interpretation in such cases.

### II. *Minutes of Select Joint Committee*

■ As stated in our discussion of Orr's first issue, the portion of I.C. 33–1–1.5–5 she challenges is not subject to judicial interpretation. Thus, the trial court did not err by refusing admission of the Minutes of the Select Joint Committee on Product Liability. When a statute is unambiguous, legislative history should not be used to determine its meaning. *Peare v. McFarland,* 577 F.Supp. 791, (N.D. IN, 1984).

### III. *Constitutionality*

■ Orr finally contends I.C. 33–1–1.5–1, as it applies to minors, violates Article 1, § 12 of the Indiana Constitution. We disagree.

This statute previously has withstood challenge under Article 1, § 12 of the Indiana Constitution. In *Dague v. Piper Aircraft Corp.* (1981), 275 Ind. 520, 530, 418 N.E.2d 207, 213 our supreme court stated, "[w]e hold that the Product Liability Act [specifically, I.C. 33–1–1.5–1] does not contravene article one, section twelve of the Indiana Constitution." Orr recognizes the court's decision in *Dague* and makes no attempt to distinguish it. She merely contends, specifically as to minors, the statute is unconstitutional.

As our supreme court further stated, and again as Orr recognized in her brief, in *Rohrabaugh v. Wagoner* (1980), 274 Ind. 661, 664, 413 N.E.2d 891, 893,

> This Court held in *Sherfey v. City of Brazil,* (1937) 213 Ind. 493, 13 N.E.2d 568, that the Legislature is not under mandate from the constitution to suspend the obligation of statutes of limitation in the case of infancy or incapacity.

That holding is fatal to appellant's challenge to this statute pursuant to Art. I, § 12, of our state Constitution.

Likewise, we find the *Rohrabaugh* court's holding is fatal precedent to Orr's challenge of I.C. 33–1–1.5–1 under Article 1, § 12 of our state Constitution.

Affirmed.

YOUNG, P.J., and MILLER, J., concur.