■ In the Matter of the Claim of MOLLIE DECKER, Appellant. LILLIAN ROBERTS, as Commissioner of Labor, Respondent. —Levine, J.

Claimant was employed by Yeshiva University prior to her retirement. As a result of that employment, she became eligible for and began receiving Social Security retirement benefits. Thereafter, she commenced employment with Cosmopolitan Temporary Services. That job ended under nondisqualifying circumstances in April 1980 and claimant was initially determined eligible to receive unemployment insurance benefits, effective July 3, 1980. However, claimant's benefit rate was thereafter reduced to zero pursuant to Labor Law § 600 (7) due to her receipt of Social Security benefits. The initial determination was upheld by an Administrative Law Judge and by the Unemployment Insurance Appeal Board in a decision rendered October 16, 1980. Subsequently, on August 14, 1985, as a result of a class action consent judgment entered into in *Municipal Labor Comm. v Sitkin* (US Dist Ct, SDNY, July 29, 1983), the Board reopened claimant's case. In a decision rendered September 11, 1985, the Board reaffirmed and adhered to its earlier decision.

On this appeal, claimant contends that the Board's September 1985 determination was erroneous as a matter of law since the Board failed to apply Labor Law § 600 (7) as interpreted by this court in decisions subsequent to the original October 1980 determination (citing *Matter of Peat [Roberts]*, 95 AD2d 884; *Matter of Cullen [Roberts]*, 93 AD2d 907).

For the following reasons, the decision should be reversed. Labor Law § 600 incorporates the provisions of 26 USC § 3304, which provides that the States are to offset work-related pension income from unemployment benefits (26 USC § 3304 [a] [15]). Employers who are subject to the Federal Unemployment Tax Law receive a tax credit if the State law is certified by the United States Secretary of Labor to be in substantial compliance with 26 USC § 3304. During the period when claimant was eligible for unemployment benefits *(see, e.g.,* Labor Law § 590 [3], [4]; §§ 523, 521), 26 USC § 3304 and Labor Law § 600 were amended to narrow the grounds upon which unemployment benefits could be reduced due to a claimant's receipt of Social Security benefits *(see,* 26 USC § 3304, as amended by Pub L 94-566; Labor Law § 600, as amended by L 1980, ch 895, §§ 1-3). We authoritatively construed those provisions not to require a reduction in unemployment benefits under circumstances, such as are presented here, where an individual receives Social Security benefits as a result of employment with employer A, subsequently com-

mences employment with employer B and then becomes eligible for unemployment benefits due to the termination of employment with employer B *(Matter of Peat [Roberts],* 95 AD2d 884, *supra; Matter of Cullen [Roberts],* 93 AD2d 907, *supra; see also, Rivera v Patino,* 543 F Supp 1160, *revd sub nom. Rivera v Becerra,* 714 F2d 887, *cert denied sub nom. International Union, United Auto, Aerospace & Agric. Implement Workers v Donovan,* 465 US 1099). Subsequent Federal decisional law may have rendered erroneous the foregoing construction of 26 USC § 3304 *(see, Rivera v Becerra,* 714 F2d 887, *supra).* However, also within claimant's period of eligibility, Federal interpretive regulations permitted the States not to reduce unemployment benefits under claimant's circumstances, the States having been given wide latitude under 26 USC § 3304 (a) (15) (B) to provide for limitations on offsets to unemployment benefits when claimants had made contributions to the pension or retirement funds from which they received payments, as is the case with respect to Social Security retirement benefits (US Department of Labor Unemployment Insurance Program Letter 7-81, Nov. 7, 1980).

The unequivocal language of Labor Law § 600 (as amended by L 1980, ch 895), is to the effect that in New York there shall be a limitation on the reduction of unemployment benefits which takes "into account the claimant's contributions" to a pension or retirement fund *"to the maximum extent permitted under the federal unemployment tax act"* (Labor Law § 600 [7] [b] [emphasis supplied]). Clearly, New York statutory policy was to offset unemployment benefits only to the extent mandated by Federal law *(see also,* Legislative mem, 1981 McKinney's Session Laws of NY [L 1980, ch 895], at 2378-2379). Consequently, applying the law as it now seems to have been during claimant's period of eligibility, she should not have been required to suffer an offset of her unemployment benefits as a result of her receipt of Social Security benefits.

Decision reversed, with costs, and matter remitted to the Unemployment Insurance Appeal Board for a redetermination of unemployment insurance benefits in accordance with the decision herein. Mahoney, P. J., Weiss and Levine, JJ., concur.

Casey and Yesawich, Jr., JJ., concur in a separate memorandum. Yesawich, Jr., J. (concurring). We concur in the result reached by the court, but write to address what we perceive to be an important procedural issue raised by the parties.

This case was reopened pursuant to the terms of the con-

sent decree in *Municipal Labor Comm. v Sitkin* (US Dist Ct, SDNY, July 29, 1983). While the focus of the consent decree was to provide "greater procedural safeguards" for those claimants in the class, it also afforded them the opportunity to "submit additional evidence". The latter language is broad enough in our view to allow the instant claimant, so long as her case continued in the litigation process as contemplated by the decree as subsequently modified, to rely upon changes in both decisional law and statutory interpretation which occurred subsequent to the original hearing. Moreover, doing so comports with the "historic common-law doctrine" that cases on direct appeal are to be decided in accordance with the law as it stands as of the date of appeal *(People v Morales,* 37 NY2d 262, 268; *see,* 4 NY Jur 2d, Appellate Review, § 400, at 501-502).

Accordingly, we find it unessential to reach the question of whether *Matter of Peat (Roberts)* (95 AD2d 884) or *Matter of Cullen (Roberts)* (93 AD2d 907) are erroneous or to be given retroactive application. We need only apply the law as it stands today, and, as to that, the Commissioner of Labor concedes that neither she nor the United States Secretary of Labor construe the applicable statutory provisions to require any offset of unemployment benefits by Social Security benefits.