■ In the Matter of the Claim of GIDEON O. HIRSCH, Respondent. DOBBS FERRY UNION FREE SCHOOL DISTRICT, Appellant; LILLIAN ROBERTS, as Commissioner of Labor, Respondent.— Yesawich, Jr., J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 18, 1985, which ruled that claimant was entitled to receive benefits.

This matter, the facts of which have been reproduced elsewhere *(see, Matter of Hirsch,* 20 Ed Dept Rep 211), has previously been before this court. The critical issue presented is whether the refusal by claimant, a teacher formerly employed by Dobbs Ferry Union Free School District, to submit to a psychiatric examination by a doctor chosen by the School District constituted misconduct. Although in an earlier decision the Unemployment Insurance Appeal Board found claim-

ant's refusal to undergo that examination, authorized by Education Law § 913, represented disqualifying misconduct, and this court concurred, the Board, in the interest of justice, reopened and reconsidered that decision because claimant did not have an opportunity to testify as to the merits of his claim. The Board determined that the modified consent decree in *Municipal Labor Comm. v Sitkin* (US Dist Ct, SDNY, Feb. 24, 1984) empowered it to proceed in this fashion. The modified consent decree covers "all cases in which claimants perfected appeals with the Appellate Division and in which that court rendered a decision adverse to claimant" *(see, e.g., Matter of Decker [Roberts],* 124 AD2d 460). Accordingly, the review undertaken by the Board was proper.

The School District's contention that the principles of collateral estoppel and res judicata bar reconsideration of the merits of claimant's arguments on this appeal is unavailing. Application of these doctrines presupposes the confluence of two elements: a full and fair opportunity to litigate and an identity of issues *(Matter of Guimarales [New York City Bd. of Educ.—Roberts],* 68 NY2d 989). The *Sitkin* consent decree is premised on the recognition that a full and fair opportunity to litigate had not been afforded because of general procedural infirmities; this deficiency in the previously conducted administrative proceedings precludes application of these doctrines to the claim herein.

As to the merits, the Board has now concluded that "claimant did not commit an act of misconduct by refusing to submit to a doctor selected by the employer who was not a medical inspector or a officially appointed doctor of the employer". The Board construes Education Law § 913 as authorizing a school district to direct an employee to undergo a psychiatric examination but not allowing it to appoint the doctor of its choice. Rather, the doctor must be a school medical inspector. We find the Board's construction of the statute without foundation in fact or law and hence arbitrary.

Education Law article 19 is captioned "Medical and Health Service". Section 913 thereof, in its entirety, reads: "In order to safeguard the health of children attending the public schools, the board of education or trustees of any school district or a board of coopertive educational services shall be empowered to require any person employed by the board of education or trustees or board of cooperative educational services to submit to a medical examination by a physician of his choice or school medical inspector of the board of education or trustees or board of cooperative educational services,

in order to determine the physical or mental capacity of such person to perform his duties. The person required to submit to such medical examination shall be entitled to be accompanied by a physician or other person of his own choice. The findings upon such examination shall be reported to the board of education or trustees or board of cooperative educational services and may be referred to and considered for the evaluation of service of the person examined or for disability retirement." The term "medical inspector" is defined in Education Law § 902 (1) as a "competent physician" whose duty it is "to make inspections of pupils". Education Law § 902 (2), (3) propose the hiring of other health-related personnel, such as dentists, nurses and medical inspectors, to carry out the purposes of Education Law article 19, one section of which, section 913, is devoted in part to mental examinations of teachers and other school employees. Obviously, "medical inspector", as that term is used in this article, envisions a general practitioner, not a psychiatrist. But it is equally obvious that reliance on psychiatric expertise is also contemplated. It is not disputed that the School District's "medical inspector", who had treated claimant on occasion privately, was a general practitioner not qualified to conduct a psychiatric examination.

In our view, the correct interpretation of Education Law § 913 is that given by the Commissioner of Education in *Matter of Hirsch* (20 Ed Dept Rep 211, *supra)* wherein it was observed that the appellant could reasonably prefer to have the claimant examined by a psychiatrist of its own choosing *(id.,* at 213). The School District's retention of an expert, such as a psychiatrist, on a case-by-case basis to assist it in discharging its duties under Education Law § 913 being entirely correct, claimant's refusal to submit to that examination constituted misconduct for purposes of unemployment insurance.

We find the Board's reliance on *Matter of McNamara v Commissioner of Educ.* (80 AD2d 660, *appeal dismissed* 64 NY2d 1110) and *Matter of Brodsky v Board of Educ.* (64 AD2d 611) misplaced. Neither case supports the Board's emasculation of the School District's authority under Education Law § 913.

Decision reversed, without costs, and the employer's objection to claimant's entitlement to benefits sustained. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.