Geraldine WATKINS, et al., Plaintiffs,

v.

Ralph G. CANTRELL, et al., Defendants.

Civ. A. No. 82–0918–R.

United States District Court,
E.D. Virginia,
Richmond Division.

Aug. 19, 1983.

William L. Botts, III, Rappahannock Legal Services, Inc., Fredericksburg, Va., C. Blackwell Tackney, Rappahannock Legal Services, Culpeper, Va., for plaintiffs.

Robert J. Barry, Paul Forch, Asst. Attys. Gen., Richmond, Va., for defendants.

## MEMORANDUM

MERHIGE, District Judge.

This action challenges Va.Code § 60.1–48.1, a provision of the Virginia Unemployment Compensation Act, as being in conflict with applicable federal law. The Court's jurisdiction is based on 28 U.S.C. §§ 1331, 1343. The matter comes before the Court on cross-motions for summary judgment. The parties have stipulated to all the material facts, and the action is ripe for disposition on summary judgment.

Plaintiffs in this certified class action are claimants for unemployment compensation whose benefits are subject to being reduced pursuant to Va.Code § 60.1–48.1.[1] Defendants are officials of the Virginia Employment Commission and its Unemployment Compensation Division. Plaintiffs allege that § 60.1–48.1, as interpreted by defendants, contravenes the applicable provision of the Federal Unemployment Tax Act, 26 U.S.C. § 3304(a)(15), such that plaintiffs do not receive benefits "when due" as required by the Social Security Act, 42 U.S.C. § 503(a)(1). Plaintiffs further allege that defendants' actions violate the Due Process and Equal Protection Clauses of the 14th amendment to the U.S. Constitution, as well as 42 U.S.C. § 1983. Plaintiffs seek declaratory relief pursuant to 28 U.S.C. §§ 2201, 2202, injunctive relief, and retroactive benefits.

## I. Background

The unemployment compensation system is a cooperative effort between the federal and state governments. For a state to participate in this system, the Secretary of Labor must certify each year that the state's unemployment program is in substantial compliance with 26 U.S.C. § 3304(a). See generally McKay v. Horn, 529 F.Supp. 847, 850–51 (D.N.J.1981).

The subsection of that provision in question here, 26 U.S.C. § 3304(a)(15),[2] original-

---

1. By order of April 21, 1983, the Court certified the class pursuant to Fed.R.Civ.P. 23(a), (b)(2), defining the class as follows:

   Every claimant for unemployment insurance benefits in the Commonwealth of Virginia who has demonstrated or is able to demonstrate eligibility pursuant to Va.Code §§ 60.-1–47 and 60.1–52(a)–(g) and § 60.1–52(h) (to the extent that it is not amended by this Court to conform with the Court's interpretation of Va.Code § 60.1–48.1) and whose weekly unemployment insurance benefit amount has been, continues to be, or in the future may be subject to reduction or elimination by a final decision of the Virginia Employment Commission rendered on or after December 15, 1980, acting pursuant to Va.Code § 60.1–48.1 due to receipt of pension, retirement or retired pay, annuity or other similar payment which is based upon wages paid by an employer or employers (1) other than the claimant's base-period or chargeable employer or employers, and/or (2) in the case of social security benefits, (a) either other than the claimant's base-period or chargeable employer or employers, or (b) where a base-period or chargeable employer is also a nonbase period employer, other than the employer or employers following the period in which the claimant achieved fully insured social security status pursuant to 42 U.S.C. § 414(a), as must be adequately shown by the claimant with appropriate as-sistance by the Virginia Employment Commission.

2. § 3304. Approval of State laws
   (a) Requirements. The Secretary of Labor shall approve any State law submitted to him, within 30 days of such submission, which he finds provides that—
   . . . .
   (15) the amount of compensation payable to an individual for any week which begins after March 31, 1980, and which begins in a period with respect to which such individual is receiving a governmental or other pension, retirement or retired pay, annuity, or any other similar periodic payment which is based on the previous work of such individual shall be reduced (but not below zero) by an amount equal to the amount of such pension, retirement or retired pay, annuity, or other payment, which is reasonably attributable to such week except that—
   (A) the requirements of this paragraph shall apply to any pension, retirement or retired pay, annuity, or other similar periodic payment only if—
   (i) such pension, retirement or retired pay, annuity, or similar payment is under a plan maintained (or contributed to) by a base period employer or chargeable employer (as determined under applicable law), and
   (ii) in the case of such a payment not made under the Social Security Act or the Railroad

ly required that the state reduce the amount of unemployment compensation by the amount of any pension, governmental or private, the claimant was receiving. By an amendment that was part of the Multiemployer Pension Plan Amendments Act of 1980, Pub.L. No. 96–364, § 414, 94 Stat. 1208, 1310, this requirement was limited so as to apply only to a pension that stems from the same period of employment as that for which the claimant is receiving unemployment compensation (the "base period").

The Virginia provision challenged, Va. Code § 60.1–48.1,[3] was enacted before this amendment limiting the federal requirement was enacted. The Virginia provision has not been amended to reflect the changed federal requirement; it still calls for unemployment compensation to be reduced by the amount of any pension, whether or not the pension stems from the base period employment. Plaintiffs contend that this increased "pension offset" violates 26 U.S.C. § 3304(a)(15).

The stipulated facts establish that the plaintiffs are each receiving some sort of pension in connection with employment that preceded the base period employment. The base period employment has not affected the eligibility for or amount of the pension. Each plaintiff is eligible for unemployment compensation in connection with the base period employment. The amount of compensation is being reduced to reflect the amount of the pension.[4] The parties estimate the potential size of the plaintiff class to be 7305 members, with 9978 claims totaling $10,516,812, though defendants estimate only about one-third that amount would actually be claimed if plaintiffs prevail.

## II. Alleged Conflict with Federal Law

The essence of the issue concerning 26 U.S.C. § 3304(a)(15) is whether or not it represents only the minimum required offset for pensions, such that states are free to offset for other (pre-base period) pensions. Resolution of the issue requires discerning the intent of Congress, particularly its intent in enacting the 1980 amendment that limited the required offset to pensions stemming from pre-base period employment.

The questions presented in the handful of reported cases involving 26 U.S.C. § 3304(a)(15) have not required the courts to consider whether a state may offset more than the statute requires. See Cabais v. Egger, 690 F.2d 234 (D.C.Cir.1983) (validity of Department of Labor Unemployment Insurance Program Letter 7–81 interpreting § 3304(a)(15)); Rivera v. Patino, 543 F.Supp. 1160 (N.D.Cal.1982) (validity of

---

Retirement Act of 1974 (or the corresponding provisions of prior law), services performed for such employer by the individual after the beginning of the base period (or remuneration for such services) affect eligibility for, or increase the amount of, such pension, retirement or retired pay, annuity, or similar payment, and

(B) the State law may provide for limitations on the amount of any such a reduction to take into account contributions made by the individual for the pension, retirement or retired pay, annuity, or other similar periodic payment.

3. § 60.1–48.1. Reduction of benefit amount by amount of pension.—The weekly benefit amount payable to an individual for any week which begins after September 30, 1979, and which begins in a period with respect to which such individual is receiving a governmental or other pension, retirement or retired pay, annuity, or any other similar periodic payment which is based on the previous work of such individual, including payments

received by such individual in accordance with §§ 65.1–54 or 65.1–55 of the Code of Virginia, shall be reduced (but not below zero) by an amount equal to the amount of such pension, retirement or retired pay, annuity, or other payment, which is reasonably attributable to such week.

4. In the case of plaintiff Geraldine Watkins, unemployment compensation has been reduced to $2 per week. Because unemployment compensation for plaintiff Katherine Negrin was not reduced to $0 per week to reflect her Social Security retirement benefits, as defendants have determined it should have been, defendants are attempting to recoup approximately $1656 for such compensation. Other plaintiffs, such as Ella Mae Frazier, have not filed claims for unemployment compensation because Virginia Employment Commission staff members have advised them it would be fruitless to do so, in light of the pension benefits they receive.

state directive interpreting state provision that was in effect identical to § 3304(a)(15)); *McKay v. Horn,* 529 F.Supp. 847 (D.N.J.1981) (constitutionality of § 3304(a)(15)). Some of those courts have, however, in describing the unemployment compensation program generally, referred to § 3304(a) as setting forth the "minimum" requirements. *See Cabais v. Egger,* 690 F.2d at 235, 240; *McKay v. Horn,* 529 F.Supp. at 850 n. 4, 851 n. 5.

More significantly, the legislative history accompanying the 1980 amendment is rife with indications that Congress knew it was deciding the amount of "mandatory" reduction, the amount by which states would "have to" reduce compensation, the amount by which the states would be "required to" reduce it. *See, e.g.,* 126 Cong.Rec. E431–32 (daily ed. Feb. 6, 1980); *id.* at H622; *id.* at S2095–96 (daily ed. Mar. 4, 1980). One could hardly ask for a less equivocal statement than the following: "If a State, for whatever reason, including administration, wishes to adopt a broader offset for social security or private pensions, it is free to do so under this bill." *Id.* at H623 (daily ed. Feb. 6, 1980).[5]

█ In the area of unemployment compensation, it has long been established that the states have "broad freedom" in setting up their systems, and when Congress wishes to impose or forbid a condition for compensation, it does so explicitly. *New York Telephone Co. v. New York State Department of Labor,* 440 U.S. 519, 537–38, 99 S.Ct. 1328, 1339–40, 59 L.Ed.2d 553 (1979) (opinion of Stevens, J.); *see Ohio Bureau of Employment Services v. Hodory,* 431 U.S. 471, 488–89, 97 S.Ct. 1898, 1908–09, 52 L.Ed.2d 513 (1977). Here, it appears Congress not only did not explicitly forbid the

condition for compensation (that the claimant not be receiving a pension from a pre-base period employer), but explicitly recognized that the states may impose it.

█ The Court concludes that in offsetting pension benefits beyond those required to be offset by 26 U.S.C. § 3304(a)(15), the Virginia provision, Va.Code § 60.1–48.1, does not contravene federal law. Defendants' motion for summary judgment will be granted as to plaintiffs' allegations that defendants are violating 26 U.S.C. § 3304(a)(15) and 42 U.S.C. § 503(a)(1).

### III. *Remaining Allegations* [6]

Plaintiffs assert that they can prevail on their claims that defendants are violating the Due Process and Equal Protection Clauses even if they do not prevail on their statutory claims (as they have not). At the same time, plaintiffs advance constitutional theories for which the beginning premise is that defendants are acting contrary to federal law. Plaintiffs assert that defendants' actions are arbitrary and capricious, in violation of plaintiffs' due process rights, because the actions are not authorized by federal law. Similarly, plaintiffs argue that defendants have discriminated against them, in violation of their right to equal protection, by taking unauthorized action against them while treating others only in ways authorized by federal law. In finding the defendants are not violating federal law, the Court has removed the linchpin holding these theories together. Defendants' motion for summary judgment will be granted also as to plaintiffs' allegations under the Due Process and Equal Protection Clauses and 42 U.S.C. § 1983.

An appropriate order will issue.

---

**5.** The legislative history plaintiffs rely on, *see, e.g.,* 126 Cong.Rec. S12901 (daily ed. Sept. 18, 1980), is useful only in determining the meaning of the federal requirement, not in determining whether a state can offset more than the federal provision requires. *Cf. Rivera v. Patino,* 543 F.Supp. at 1170–75 (determining meaning of federal requirement).

**6.** Before filing their motion for summary judgment, plaintiffs filed, and defendants responded to, a motion to strike the defendants' affirma-

tive defenses pursuant to Fed.R.Civ.P. 12(f). Plaintiffs did not bring this motion on for hearing or request a decision on it, and it appears that they intend to accomplish the same thing by the instant motion. At any rate, the Court will deny the motion to strike. The plaintiffs in effect are attempting to create a plaintiff's version of Rule 12(b)(6) to test the legal sufficiency of the defendants' assertions, which is not the intended purpose of Rule 12(f).