**Margaret DUSO, on behalf of herself and all others similarly situated**

v.

**John J. RATOFF, in his official capacity as Commissioner of the New Hampshire Department of Employment Security.**

**Civ. No. 83–221–D.**

United States District Court,
D. New Hampshire.

Dec. 28, 1983.

**4**

New Hampshire Legal Assistance by Michael A. Fuerst, Claremont, N.H., New Hampshire Legal Assistance by Mitchell Simon, Concord, N.H., for plaintiffs.

Daniel J. Mullen, Concord, N.H., for defendant.

## OPINION AND ORDER

DEVINE, Chief Judge.

Plaintiff class seeks relief from the statutory offset provisions of New Hampshire and federal law which effectively reduce unemployment benefits of those who receive Social Security benefits. Plaintiff founds jurisdiction upon 28 U.S.C. §§ 1331 and 1343(3), as authorized by 42 U.S.C. § 1983. The matter is now before the Court on cross motions for summary judgment.

The statutory offset provisions of N.H. RSA 282–A:28 and 26 U.S.C. § 3304(a)(15) affected plaintiff Margaret Duso. Duso retired in 1973 and began receiving Social Security benefits, but returned to work at another company in 1978. In 1983 she was laid off and applied for unemployment benefits, but she was denied these benefits because her Social Security income exceeded the benefit amount. Stipulation of Fact, § 4. Plaintiff contends that Social Security benefits were attributable to her first employer and may not be offset against unemployment insurance benefits attributable to her second employer. Defendant argues that N.H. RSA 282–A:28 correctly construes 26 U.S.C. § 3304(a)(15) and allows defendant to offset benefits. Hence, the specific issue presently before the Court is whether Social Security benefits attributable to services performed for a nonbase period employer, *infra*, p. 5, may be offset against unemployment insurance benefits attributable to a base period employer, *id.*

Plaintiff challenges N.H. RSA 282–A:28, which states:

> *Retirement Pay.* The maximum weekly benefit amount of any individual who is receiving a government or other pension, retirement or retired pay, annuity, or any similar periodic payment based on previous work shall be reduced by an amount equal to such pension, retirement or retired pay, annuity or other payment which the commissioner finds can be reasonably said to apply to such week.

The statute has been amended by H.B. 743–FN 1, which states:

> *Retirement Pay.* The maximum weekly benefit amount of any individual who is receiving a government or other pension, retirement or retired pay, annuity, or any similar periodic payment based on previous work shall only be reduced by an amount equal to such pension, retirement or retired pay, annuity or oth-

er payment which the commissioner finds can be reasonably said to apply to such week if both the unemployment compensation pay and the pension, retirement or retired pay, annuity or similar periodic payment are based on the same period of employment. If an individual is receiving a government, military or other pension, retirement or retired pay, an annuity or a similar periodic payment for one period of employment but has worked long enough in a different period of employment to have qualified under 282–A:25, I and II and other sections of this chapter to be eligible for unemployment compensation benefits for such different period of employment, such an individual's maximum weekly benefit amount for the most recent period of employment for which he is filing for unemployment compensation benefits shall not be reduced in any way by the amount of the pension, retirement or retired pay, annuity or similar periodic payment based on the period of employment for which he is not currently filing for unemployment compensation benefits.

The amendment became effective January 1, 1983. This challenge, therefore, concerns the validity of the offset provision prior to January 1, 1983.

The Federal Unemployment Tax Act ("FUTA"), 26 U.S.C. §§ 3301, *et seq.,* upon which this matter rests, is the framework for the nation's federal-state unemployment compensation scheme. *See generally State of New Hampshire Department of Employment Security v. Marshall,* 616 F.2d 240 (1st Cir.1980). Participating states, such as New Hampshire, must abide by minimum federal criteria and meet with approval of the Secretary of Labor. 26 U.S.C. § 3304. *See Cabais v. Egger,* 690 F.2d 234, 240 (D.C.Cir.1982); *Watkins v. Cantrell,* 568 F.Supp. 1225, 1228 (E.D.Va. 1983); *McKay v. Horn,* 529 F.Supp. 847, 850 n. 4, 851 n. 5 (D.N.J.1981). FUTA sets forth those criteria.

■ Title 26 United States Code § 3304(a)(15) of FUTA is the linchpin statute. As originally enacted, § 3304(a)(15)

required an offset of unemployment compensation for all pension and Social Security benefits. Section 3304(a)(15) stated:

> the amount of compensation payable to an individual for any week which begins after March 31, 1980, and which begins in a period with respect to which such individual is receiving a governmental or other pension, retirement or retired pay, annuity, or any other similar periodic payment which is based on the previous work of such individual shall be reduced (but not below zero) by an amount equal to the amount of such pension, retirement or retired pay, annuity, or other payment, which is reasonably attributable to such week....

The 1980 amendments ameliorated this effect by providing that only pensions that the base period employer maintained or contributed to would offset unemployment benefits. The current amended statute states:

> the amount of compensation payable to an individual for any week which begins after March 31, 1980, and which begins in a period with respect to which such individual is receiving a governmental or other pension, retirement or retired pay, annuity, or any other similar periodic payment which is based on the previous work of such individual shall be reduced (but not below zero) by an amount equal to the amount of such pension, retirement or retired pay, annuity, or other payment, which is reasonably attributable to such week except that—
>
> (A) the requirements of this paragraph shall apply to any pension, retirement or retired pay, annuity, or other similar periodic payment only if—
>
> (i) such pension, retirement or retired pay, annuity, or similar payment is under a plan maintained (or contributed to) by a base period employer or chargeable employer (as determined under applicable law), and
>
> (ii) in the case of such a payment not made under the Social Security Act or the Railroad Retirement Act of 1974

6

(or the corresponding provisions of prior law), services performed for such employer by the individual after the beginning of the base period (or remuneration for services) affect eligibility for, or increase the amount of, such pension, retirement or retired pay, annuity, or similar payment, and

(B) the State law may provide for limitations on the amount of any such a reduction to take into account contributions made by the individual for the pension, retirement or retired pay, annuity, or other similar periodic payment. . . .

The "base period" is the period of employment during which eligibility for unemployment insurance benefits is accrued. A "base period" employer is an employer who paid wages on which the unemployment insurance eligibility of the claimant and the amount and duration of unemployment benefits is based. *Rivera v. Patino,* 543 F.Supp. 1160, 1165 n. 5 (N.D.Cal.1982), *rev'd sub nom., Rivera v. Becerra,* 714 F.2d 887 (9th Cir.1983). There is no argument with 26 U.S.C. § 3304(a)(15)(A)(i) and (ii) insofar as it provides that private pensions will be an offset only if the base period employer maintained or contributed to the pension plan, and the base period employment affected eligibility for or increased the amount of such pension. *See Rivera v. Becerra, supra,* 714 F.2d at 893–94.

The matter before the Court largely is summarized as follows:

The dispute over the proper interpretation of section 3304(a)(15)(A)(i) arises out of a conflict between a portion of the legislative history and the language of the statute.

Section 3304(a)(15)(A)(ii) says that if a base period employer contributes to social security, then the unemployment benefits must be offset by the social security benefits. The statutory language does not permit another interpretation. The offset applies under section 3304(a)(15)(A)(i) if the base period employer *"contributed"* to the "plan" from which the pension benefits are derived. Unlike section 3304(a)(15)(A)(ii), which does not apply to social security benefits, section 3304(a)(15)(A)(i) does not say the offset will not apply if the base period contributions did not affect eligibility for or the amount of the pension benefits.

The argument for not requiring an offset in these circumstances is based almost entirely on a statement by Senator Bradley. The language in section 3304(a)(15)(A)(i) was taken from an earlier bill and included as part of an amendment offered by Senator Bradley. The Senator offered several examples of how his amendment would work. The crucial example is as follows:

[A]n individual at company A retires and begins to collect social security. For whatever reason, this person then goes to work for company B and, after 6 months there, is terminated. Assuming the individual is eligible for unemployment insurance because of the work done at company B, the level of unemployment insurance compensation will not be reduced at all. This is because the base period employer is not the same as the social security employer. The offset would apply, however, if the individual had returned to work for company A instead of working for company B. Under those circumstances, the base period employer and the social security employer would be the same.

126 Cong.Rec. S12901 (daily ed. September 18, 1980) (remarks of Senator Bradley).

\*  \*  \*  \*  \*  \*

Each side cites to a number of other portions of the legislative history to support its interpretation. Each of these other citations, however, is ambiguous and can be explained away as either referring to the private pensions or as referring to a different section of the law. *Rivera v. Becerra, supra,* 714 F.2d at 892–93 (emphasis in original).

█ Plaintiff zealously argues the importance of the legislative history of the

1980 amendment of 26 U.S.C. § 3304(a)(15). Plaintiff argues that the statements of Senator Bradley, a co-author of the 1980 amendment, are entitled to great weight. *National Woodwork Manufacturers Association v. NLRB,* 386 U.S. 612, 640, 87 S.Ct. 1250, 1266, 18 L.Ed.2d 357 (1967). "It is the sponsors that we look to when the meaning of the statutory words is in doubt." *Id.* But when confronted with a statute which is plain and unambiguous on its face, the Court ordinarily does not look to legislative history as a guide to its meaning. *Ex parte Collett,* 337 U.S. 55, 61, 69 S.Ct. 944, 947, 93 L.Ed. 1207 (1949). Where a statute's scope is narrow, its language precise, and its application foreseeably mechanical, it will take a showing of "rare and exceptional circumstances" to convince the Court that the statute should not be applied as written. *Ciampa v. Secretary of Health and Human Services,* 687 F.2d 518, 524 (1st Cir.1982). The statutory language of section 3304(a)(15) was part of an attempt by Congress to ameliorate the harsh effects of earlier legislation, and the line drawn by the statute is neither so unreasonable nor at variance with the policy of the legislation as to justify disregarding the clear meaning of the statute's words. *Rivera v. Becarra, supra,* 714 F.2d at 893.

Title 26 United States Code § 3304(a)(15)(A)(i) says and means that Social Security benefits offset unemployment benefits if the base period employer makes Social Security contributions. *Id.* In construing federal law this way, the Court finds that defendant did not violate federal law and hence removes the linchpin holding together plaintiff's theories of recovery. *Watkins v. Cantrell, supra,* 568 F.Supp. at 1228.

Accordingly, plaintiff's motion for summary judgment is denied, and defendant's motion for summary judgment is granted. The parties shall notify the Court within thirty (30) days if there are to be any further proceedings in this case.

SO ORDERED.