208 N.J. Super. 48 (1986)
504 A.2d 1204
ROBERT J. SCHUENEMANN, PETITIONER-APPELLANT,
v.
BOARD OF REVIEW AND UNITED STATES STEEL CORPORATION, RESPONDENTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Submitted January 14, 1986.
Decided February 4, 1986.
*49 Before Judges MICHELS, DEIGHAN and STERN.
Robert J. Schuenemann, pro se.
Irwin I. Kimmelman, Attorney General, attorney for respondents (Michael S. Bokar, Deputy Attorney General, of counsel).
The opinion of the court was delivered by STERN, J.S.C., t/a.
Petitioner was laid off by United States Steel Corporation on May 4, 1984 and received vacation pay and unemployment compensation until June 1984. In June he received a special "lump sum" payment of $3,898.26 from United States Steel covering the period June-August 1984. In September 1984 petitioner began to obtain his regular monthly pension benefits of $1,174.47, representing 47% of his former salary.
Petitioner challenges the determination of the hearing officer, the Appeal Tribunal and the Board of Review which held that the "lump sum" payment could be used to reduce unemployment *50 compensation benefits for the months of June, July and August 1984.
The hearing officer determined that petitioner received the $3,898.26 "lump sum payment for the months of June, July and August 1984", that petitioner "paid nothing into this special pension" and that the employer "paid 100%" into the "special pension" to fund this benefit. Because the hearing officer determined that the payment constituted a "pension", he also determined that the unemployment benefit "must be reduced by the weekly equivalent of any pension payment that you receive." Accordingly, petitioner's benefit was reduced to "zero."
The Appeal Tribunal affirmed after making the following findings of facts on the record:
The claimant was last employed as an accounting department manager for the above named corporation for 34 years through May 4, 1984 when the Company closed. The claimant was given 4 weeks vacation pay through May 31, 1984. As of June 1, 1984 the claimant was placed on a non contributory pension. Under the non contributory pension plan the claimant received a special pension payment to cover the months June, July and August. The net payment was calculated by multiplying the vacation rate less a cost-of-living adjustment times nine weeks. This was a payment under the pension plan. As of September 1, 1984 the total payment for the period was $3,898.26. The claimant will be receiving a regular monthly pension of $1,174.47.
Accordingly, it concluded:
Since the claimant received a non contributory pension of $3,898.26 as of June 1, 1984 his weekly benefit rate is reduced by the weekly equivalent of the pension payment received. Therefore, the weekly benefit rate as of June 1, 1984 is reduced to 0.
The Board of Review adopted the Findings of Fact as set forth by the Appeal Tribunal and added:
In addition, the claimant's weekly benefit rate established on the claim of May 7, 1984 is $170.00 and benefits were paid through week ending May 27, 1984. The pension payment of $1,174.47 per month beginning September 1, 1984 is from a noncontributory pension program.
The Board of Review concluded:
The special noncontributory pension payments of $3,898.26 for the 92 day period from June 1, 1984 through August 31, 1984 equals more per week than the claimant's weekly benefit rate of $170.00. The noncontributory payments of $1,174.47 per month beginning September 1, 1984 also equal more per week *51 than his weekly benefit rate. The effective date for any pension disqualification is for any week beginning on or after June 1, 1984, when the pension became effective. As the claimant was paid benefits for week ending May 27, 1984, the next benefit week ending would be June 3, 1984, and the pension disqualification is effective as of June 4, 1984.
The fact findings, including amounts of payments paid and received, are not disputed except to the extent that petitioner contests the determination that the "lump sum" payment constituted part of his "pension." He acknowledges that he commenced to receive his "pension" in September 1984 and therefore does not contest the denial of benefits as of that month.
N.J.S.A. 43:21-5a provides in part:
The amount of benefits payable to an individual for any week which begins in a period with respect to which such individual is receiving a governmental or other pension, retirement or retired pay, annuity, or other similar periodic payment which is based on the previous work of such individual shall be reduced, but not below zero, by an amount equal to the amount of such pension, retirement or retired pay, annuity, or other payment, which is reasonably attributable to such week....
We, of course, must give appropriate deference to the views and regulations of an administrative agency charged with the responsibility of implementing legislative determinations. See e.g., Metromedia, Inc. v. Director, Div. of Taxation, 97 N.J. 313, 327-328 (1984); N.J. Guild of Hearing Aid Dispensers v. Long, 75 N.J. 544, 575 (1978). See also Fiola v. N.J. Treasury Dept., 193 N.J. Super. 340, 347 (App.Div. 1984). This is particularly true in this type of situation where the statute was adopted to delegate "maximum flexibility" and discretion to the Commissioner of Labor as a mechanism for conforming to the dictates of federal law and in anticipation of possible changes to it. See statement to S1058 which became L. 1980, c. 13, N.J.S.A. 43:21-5a. See also McKay v. Horn, 529 F. Supp. 847, 850-853 (D.N.J. 1981). By conforming with federal requirements concerning unemployment benefit reductions, employers in this State do not sacrifice federal tax credits and the Department of Labor does not lose federal administrative credits which flow from non-compliance with the Federal Unemployment *52 Tax Act (FUTA), 26 U.S.C. § 3301 et. seq.; 26 U.S.C. § 3304(a). See McKay v. Horn, supra.
Independently, we are satisfied from our review of the record that the "lump sum" constituted a "pension" payment or "retirement ... pay" requiring reduction of the unemployment compensation benefits.[1] Moreover, we do not interpret the phrase "or other similar periodic benefit" as mandating reduction of benefits only with respect to pension or retirement payments made on a "periodic" basis. The statement to L. 1980, c. 13, above, does not indicate any intent to limit reduction of unemployment benefits to periodic payments as opposed to pensions generally, particularly given the changing requirements of federal law and the need to conform to the minimum requirements thereof. See McKay v. Horn, supra; Bleau v. Hackett, 598 F. Supp. 727 (D.R.I. 1984); Watkins v. Cantrell, *53 568 F. Supp. 1225, 1228 (E.D.Va. 1983), aff'd 736 F.2d 933 (4 Cir.1984).
Accordingly, the judgment and calculations are affirmed substantially for the reasons stated by the Board of Review.
NOTES
[1] Although not quoted in the opinions below, we find of significance the wording of the "lump sum" benefit as contained in a pension booklet distributed to employees of United States Steel:

Special Payment
The Special Payment is the first three calendar months of pension, but it does not apply in the case of a permanent incapacity retirement or a deferred vested pension. It is a lump sum equal to 13 weeks of vacation pay, reduced by any regular vacation pay received for the year of retirement or for an earlier year if the participant is not entitled to vacation in the year of retirement. Under the basic labor agreement a participant entitled to vacation which he has not taken by the time of retirement does not receive that vacation or vacation pay if he is eligible for the Special Payment, but no deduction will be made from the Special Payment for such vacation. Any pensioner who is re-employed shall not, upon subsequent retirement, be eligible for a Special Payment if he received a Special Payment upon his initial retirement. [footnote omitted].
Although there is no suggestion that the phrase "based on the previous work of such individual" adds anything of significance or even modifies the terms "pension" and "retirement ... pay," see 26 U.S.C. § 3304(a); Fiola v. N.J. Treasury Dept., supra [193 N.J.Super] at 347, we note that the "lump sum" was "based on the previous work" of petitioner. Moreover, although not challenged in this case and not necessarily controlling in these circumstances we find that N.J.A.C. 12:17-11.3 dealing with a "lump sum payment ... in lieu of a periodic payment..." to be valid and consistent with legislative policy.