716 A.2d 547 (1998)
315 N.J. Super. 28
Francis GIESLER, Claimant-Appellant,
v.
BOARD OF REVIEW, DEPARTMENT OF LABOR, Respondent-Respondent, and
Bell Atlantic New Jersey, Inc., Defendant.
Superior Court of New Jersey, Appellate Division.
Submitted August 18, 1998.
Decided August 25, 1998.
*548 Peter F. Carpenter, Far Hills, for claimant-appellant.
Peter Verniero, Attorney General, for respondent-respondent (Joseph L. Yannotti, of counsel; John C. Turi, on the brief).
Before Judges KLEINER and BRAITHWAITE.
The opinion of the court was delivered by BRAITHWAITE, J.A.D.
Appellant Francis Giesler was permanently and involuntarily terminated from his employment with Bell Atlantic (Bell) because of "downsizing" on July 15, 1995. He was fifty-nine years of age and had been employed by Bell for thirty-eight years. At the time of termination he "could have retired with full pension rights." He was entitled to receive a monthly pension benefit but instead chose to receive a lump sum benefit that was paid in two installments. In November 1995, he received $245,937.52, and in March 1996, he received the final payment of $62,808.32. The two payments "were sent directly to PaineWebber as an [IRA] rollover." Bell was the sole contributor to appellant's pension.
Following appellant's termination from Bell, he obtained new employment, but pertinent to this appeal he became unemployed and filed for and received unemployment benefits on two separate occasions. Thereafter, based upon information received, the director of the Division of Unemployment Insurance, citing N.J.S.A. 43:21-5a, determined that appellant had been overpaid because his receipt of the lump sum pension benefits required an offset for both periods that he received unemployment benefits.
On one claim the director reduced appellant's weekly benefit from $362 to $66 due to the receipt of the pension. The second claim was reduced from $354 per week to $122 per week for the same reason. Appellant was also notified that as a result of the offset he was obligated to refund $3,712. See N.J.S.A. 43:21-16(d).
He appealed the determination of the director to the Appeal Tribunal, which affirmed the director's decision. His subsequent appeal to the Board of Review resulted in an affirmance of the Appeal Tribunal.
Appellant now appeals the final decision of the Board and contends:
POINT I
THE APPELLANT NEVER "RECEIVED" PENSION BENEFITS AS WOULD JUSTIFY A REDUCTION IN UNEMPLOYMENT BENEFITS PURSUANT TO N.J.S.A. 43:21-5a AND N.J.A.C. 12:17-11.3. (NOT ARGUED BELOW).
POINT II
THE PHRASE "FULL PENSION RIGHTS" CONTAINED IN N.J.S.A. 43:21-5a IS AMBIGUOUS AND SHOULD BE CONSTRUED IN ACCORDANCE WITH THE LEGISLATURE'S INTENT. (NOT ARGUED BELOW).
We have carefully reviewed the record and, in light of applicable law, conclude that appellant's contentions are clearly without merit. R. 2:11-3(e)(1)(D). We *549 add the following comments. N.J.S.A. 43:21-5a provides in part:
The amount of benefits payable to an individual for any week which begins in a period with respect to which such individual is receiving a governmental or other pension, retirement or retired pay, annuity, or other similar periodic payment which is based on the previous work of such individual shall be reduced, but not below zero, by an amount equal to the amount of such pension, retirement or retired pay, annuity, or other payment, which is reasonably attributable to such week....
This statutory provision provides for a pension offset to reduce unemployment benefits and applies to both periodic and lump sum payments. See Schuenemann v. Board of Review, 208 N.J.Super. 48, 52, 504 A.2d 1204 (App.Div.1986).
In 1993, the Legislature amended N.J.S.A. 43:21-5a to provide for an exemption from the pension offset under certain conditions. The amendment provides as follows:
The amount of benefits payable to an individual who is involuntarily and permanently separated from employment prior to the date at which the individual may retire with full pension rights shall not be reduced pursuant to this section because the individual receives a lump sum payment in lieu of periodic pension, retirement or annuity payments, except that the benefits payable to the individual may be reduced during the week in which the individual receives the lump sum payment.

[Ibid. (emphasis added)].
Here, we are satisfied that the exemption does not apply to appellant because he was not "involuntarily and permanently separated from employment prior to the date at which [he] could retire with full pension rights...." Ibid. To the contrary, when appellant was terminated he could have retired with full pension rights. Therefore, the exemption does not apply and the reduction in unemployment benefits "shall be made ... by prorating the dollar value of the payment over the life expectancy of the individual at the time of separation from the employer using approved actuarial tables." N.J.A.C. 12:17-8.3.[1]
The fact that appellant did not actually receive the pension benefits does not change the result because it was appellant's personal decision not to receive the funds and to place them into his IRA account. The purpose of the pension offset statute is to prevent an individual who is retired from employment or who is involuntarily and permanently separated from employment at a time when he or she is entitled to full pension benefits from collecting both unemployment benefits and retirement benefits based on the same prior work period. If appellant were to prevail, the purpose of the legislation would be defeated.
Finally, we reject appellant's assertion that the language "full pension rights contained in N.J.S.A. 43:31-5a is ambiguous..." We conclude no such ambiguity exists. We "give appropriate deference to the views and regulations of an administrative agency charged with the responsibility of implementing legislative determinations." Schuenemann, supra, 208 N.J.Super. at 51, 504 A.2d 1204. "Moreover, the agency's interpretation of the operative law is entitled to prevail, so long as it is not plainly unreasonable." Metromedia, Inc. v. Director, Div. of Taxation, 97 N.J. 313, 327, 478 A.2d 742 (1984). Here, the Board properly applied the statute to appellant.
Affirmed.
NOTES
[1] This language formerly was part of N.J.A.C. 12:17-11.3. Chapter 17 of Title 12 of the N.J.A.C. was repealed an adopted as new rules by R.1988 d273, effective June 1, 1998.