**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NOS. A-0531-17T1
A-0532-17T1

PHILLIP L. BURD,

     Appellant,

v.

BOARD OF REVIEW,
DEPARTMENT OF LABOR,
and J. GIVOO CONSULTANTS
I, INC., and NEW YORK CWC,

     Respondents.

_____

Submitted October 17, 2019 – Decided January 15, 2020

Before Judges Nugent and Suter.

On appeal from the Board of Review, Department of Labor, Docket Nos. 093,447 and 093,450.

Phillip Burd, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent Board of Review (Melissa Dutton Schaffer, Assistant Attorney General, of counsel; Andy Jong, Deputy Attorney General, on the brief).

Respondents J. Givoo Consultants I, Inc., and New York CWC have not filed briefs.

PER CURIAM

Appellant Phillip L. Burd appeals from the April 28, 2017 final decision of the Board of Review (Board), affirming the decision of the Appeal Tribunal that reduced his unemployment benefits to zero based on his receipt of pension benefits. We affirm.

Burd was a member of International Brotherhood of Electrical Workers Local 43 (the Union) in New York. His pension is maintained and paid by the Union. Since 1986, he worked for twenty-eight different contractors that contributed to the pension. He began working for J. Givoo Consultants I, Inc. (Givoo) in October 2010, and exclusively for it in October 2012. Givoo was the sole contributor to his pension from that date.

These appeals address two separate claims for unemployment benefits.[1] Burd's claim filed on May 8, 2011, established a weekly benefit rate of $554 and was based on his earnings from Givoo during the base year period. Appeal A-0531-17 concerns unemployment payments made under the 2011 claim, which was on extension, for the weeks ending January 19, 2013, to March 30, 2013,

---

[1] The appeals are consolidated because they raise the same issues.

and November 16, 2013, to December 28, 2013. These payments totaled $10,456.

On May 6, 2012, Burd filed another claim for unemployment benefits. That claim established a weekly benefit rate of $611 and was based on Burd's earnings from Givoo during the base year period. Appeal A-0532-17 concerns unemployment payments made under that claim, which also was on extension, for weeks ending December 8, 2012 to January 12, 2013. Those payments totaled $3446.[2]

On November 30, 2012, Burd began receiving pension payments of $3256.50 per month from the Union. On April 1, 2013, this amount increased to $3263.50[3] and continued at that amount. Burd received pension payments during months he received the unemployment benefits in issue here.

On July 2, 2016, the Deputy Director found Burd eligible for unemployment benefits for the weeks in question but reduced the weekly benefit to zero based on Burd's monthly pension payment. The Deputy noted that Burd's "employer on which [his] claim [was] based was the sole contributor to [his]

---

[2] There is a third appeal, A-4245-16. That case involved Burd's unemployment claim filed in May 2013. On December 4, 2018, we remanded that appeal to the Board without retaining jurisdiction.

[3] It was $3284.50 for just one month in March 2013.

pension." On July 20, 2016, the Department of Labor and Workforce Development (the Department) notified Burd the unemployment he received was "collected improperly" and had to be returned pursuant to N.J.S.A. 43:21-16(d).

Burd appealed that determination. Although a hearing commenced before the Appeal Tribunal examiner in August 2016, Burd "needed additional time to prepare for the hearing [and his appeal was] . . . dismissed without prejudice."

In Burd's November 2016 request to reopen the appeals, he argued Givoo did not contribute monies to his pension account nor was Givoo the sole contributor of funds during the thirty years he worked for the Union. He argued he could work without being disqualified from receiving a pension, and that monies "being disbursed to the local union in [his] name, . . . will not add additional benefits to [him] and will stay in the fund due to the pension benefit amount being set at the time [he] began drawing a benefit from [his] fund." He also claimed to have incorrectly answered a question on the unemployment claim form.

In January 2017, following a hearing, the Appeal Tribunal rejected Burd's argument that his employer did not contribute to his pension. It reduced his benefit rate to zero, citing N.J.S.A. 43:21-5a and N.J.A.C. 12:17-8.2. Pursuant

to an "inside agreement" that Burd supplied at the hearing, the employer paid the Union "separate monies known as fringe benefits for other things such as the claimant's pension." Burd's paystubs showed he paid Union dues but did not contribute to a pension. Even though the Union paid Burd a pension, "the payments were as a result of the money from [Givoo] who is a base year employer on the claimant's unemployment claim." The Appeal Tribunal found Burd was liable to refund the amounts received as unemployment, citing N.J.S.A. 43:21-16(d). It did not address Burd's argument that his unemployment could not be reduced if his salary payments did not increase his pension.

Burd appealed the Appeal Tribunal decision to the Board, raising the same arguments. The Board found "no valid ground for a further hearing," affirming the decision after a "careful examination of the record."

Burd raises a single issue on appeal:

> THE APPELLANT[']S BENEFITS SHOULD NOT BE REDUCED BECAUSE THE MONEY HE EARNED BY WAY OF EMPLOYMENT AFTER HE STARTED COLLECTING HIS PENSION DOES NOT AFFECT HIS ELIGIBIITY TO RECEIVE OR INCREASE THE AMOUNT OF HIS MONTHLY PENSION BENEFIT.

Review of an administrative agency's final decision is limited. Kadonsky v. Lee, 452 N.J. Super. 198, 201 (App. Div. 2017). "We will not reverse an agency's judgment unless we find the decision to be 'arbitrary, capricious, or

unreasonable, or [] not supported by substantial credible evidence in the record as a whole.'" Id. at 202 (alteration in original) (quoting In re Stallworth, 208 N.J. 182, 194 (2011)). We "defer to the specialized or technical expertise of the agency charged with administration of a regulatory system." K.K. v. Div. of Med. Assistance & Health Servs., 453 N.J. Super. 157, 160 (App. Div. 2018) (quoting In re Virtua-West Jersey Hosp., 194 N.J. 413, 422 (2008)). An agency is owed "some deference to the Board's interpretation of the statutory scheme that the Legislature has entrusted it to administer" but the court is not "bound by an unreasonable or mistaken interpretation of that scheme, particularly one that is contrary to legislative objectives." McClain v. Bd. of Review, 237 N.J. 445, 456 (2019) (citing Russo v. PFRS, 206 N.J. 14, 27 (2011)).

Under N.J.S.A. 43:21-5a unemployment benefits can be reduced in certain circumstances where a claimant is receiving a pension.

> The amount of benefits payable to an individual for any week which begins in a period with respect to which such individual is receiving a governmental or other pension, retirement or retired pay, annuity, or other similar periodic payment which is based on the previous work of such individual shall be reduced, but not below zero, by an amount equal to the amount of such pension, retirement or retired pay, annuity, or other payment, which is reasonably attributable to such week; provided that . . . the Commissioner of Labor and Workforce Development may prescribe in

regulations which are consistent with the federal Unemployment Tax Act any of the following:

a. The requirements of this section shall only apply in the case of a pension . . . under a plan maintained or contributed to by a base period or chargeable employer . . . ;

b. The amount of any such reduction shall be determined taking into account contributions made by the individual for the pension, retirement or retired pay, annuity or other similar periodic payment[.]

[N.J.S.A. 43:21-5a.]

Known as the pension offset statute, it is intended "to prevent an individual who is retired from employment or who is involuntarily and permanently separated from employment at a time when he or she is entitled to full pension benefits from collecting both unemployment benefits and retirement benefits based on the same prior work period." Giesler v. Bd. of Review, 315 N.J. Super. 28, 32 (App. Div. 1998).

Under the Department's implementing regulations, where "a pension is received from a base period or chargeable employer" and the plan is "maintained or contributed to" by the employer, unemployment benefits can be reduced. N.J.A.C. 12:17-8.1(a). Here, the reduction applied because Givoo was the chargeable employer and contributed to the pension.

Under N.J.A.C. 12:17-8.2(a)(1), if the claimant did not contribute to the pension plan, "the weekly and maximum amount of benefits payable to the individual shall be reduced by an amount equal to the amount of the pension . . . which is reasonably attributable to such week[.]"  Because Burd was receiving monthly pension payments and because Givoo was the base period chargeable employer and sole contributor to the pension during the base years in question, the Board was correct to reduce Burd's unemployment benefits to zero.  There was nothing arbitrary, capricious or unreasonable about this decision.

Burd argues the Board ignored N.J.A.C. 12:17-8.1(b) when it offset his pension.  It provides:

> If the remuneration for services performed for the employer during the base year by the individual does not affect eligibility for, or increase the amount of, the pension, retirement or retired pay, annuity, or similar payment then the individual's unemployment benefits shall not be reduced by the amount of the pension.

Burd testified at the hearing that his pension would remain the same even if he "work[ed] another [fifty] years[.]"  He acknowledged, however, the reason the pension payment was $3256.50 when it commenced and increased to $3263.50 was because it would take four to six months to credit the money coming into an account.  "[Y]ou got six to eight months by the time the contractor pays us;

by the time the union receives it and by the time it actually goes on the record . . . ." He testified that once he retired, the pension "stays the same."

N.J.A.C. 12:17-8.1(b) does not apply because the unemployment benefits in these appeals were extensions from 2011, and 2012. Burd did not retire until November 30, 2012. In 2011, and 2012, Givoo's contributions affected his pension by disbursing his fringe benefits to the Union. This was reflected in the pension fluctuation. Since his unemployment benefits derived from the same base-year employer, they were properly reduced because of the pension. Burd received unemployment benefits of $10,456 under the 2011 claim and $3446 under the 2012 claim. Because these amounts should have been offset, the Board was correct to require these monies to be refunded under N.J.S.A. 43:21-16(d).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION